This is United States v. Adent, Mr. Adent. If it pleases the Court, my name is Leonard Adent. I represent the appellants in this case. Your Honor, I think to start out with, I think it's clear that under 6502 of 26 U.S. Code, the statute of limitations was jurisdictional in this matter because the code states flatly that an action must be commenced within 10 years after the assessment of the tax. The tax, it's clear, was assessed on 12-2-2002. It had a filing date of 9-4-2002, and on 12-18-2012, the plaintiff commenced his action, which was in excess of 10 years. The defense, or excuse me, the plaintiff argues in his brief that an installment agreement took place on 117-203, and that shows up on the IRS records on pages 97 and 98 regarding the 2008 taxes. There was never proof of the installment agreement. I would have no recollection of it. I haven't seen it. I don't recall signing it. The statute requires that the secretary and the taxpayer both sign an installment agreement, and it is not part of the record that I could ascertain in my review of the record that was transmitted to this Court. Also, I don't know whether it informs somebody that when they sign that agreement, they would be tolling or extending the statute of limitations, and a review of IRS Form 9468, in my mind, shows it did not. I believe it should have been produced, and I believe that the Court should have had the trial that we requested when the Court granted its motion for summary judgment. As to the 2001 taxes, on page 115 of the record... Well, what would you try to show in a trial? I'd like to show whether or not the installment agreement was actually filed, and whether it was signed by the taxpayer. I know at one time there was hired by me several individuals to these tax places to try and negotiate the amount of the tax, and I don't believe that an installment agreement was signed by me. I don't know that for a fact, Your Honor. And that's what I would try and show with respect to that issue. As I was going to say, the 2001 taxes had a cancellation date of 10-6-2003, but it referred to an installment agreement date of 2-17-2003. And the 2008 taxes showed an installment date of 1-17-2003 with a cancellation date of 10-6, and that seemed different. The plaintiffs also argue that the statute of limitations should have been pled in an affirmative manner. I believe it could be inferred, even though affirmative defenses were raised in the... Your Honor, do you think it should be inferred? It should be inferred from page 10, 11, and 12. Excuse me, points 10, 11, and 12, because it says the... But the statute of limitations as a defense has to be pleaded. It can be waived if you don't plead it. You're not relying on it. So why wasn't it pleaded? It could have... Stupidity on the part of the attorney. Me. That's why it wasn't... It was pled in effect, though, because paragraphs 10, 11, and 12 say that... It says that the plaintiff alleges the timeliness of the actions of the U.S. government, and clearly they weren't timely. And I think there's a policy after 10 years that obviously wouldn't want to go forward on that. The second issue in the case that we raised is whether the court should have... I seem to be running short on time. I should have had the discretion on the Rogers case. Joyce Aiden is a non-liable defendant in the same position as Derek Aiden, and her position arises with the employment and unemployment taxes that were assessed. She wouldn't be responsible for them if the suits were started separately. I think there's a problem there, Your Honor, and I see my time is running out. Okay. Thank you, Mr. Aiden. Thank you. Mr. Aloulus. Good morning, Your Honors. May it please the Court, Paul Aloulus from the United States Department of Justice on behalf of the United States. Regarding the statute of limitations argument, first the argument was clearly waived. It was never presented in the trial court. It was not pled as an affirmative defense. It was not raised in opposition to the government's motion for summary judgment. And, in fact, both of the agents here stipulated to entry of judgment for the tax assessments against them. If they had an argument as to the propriety of the assessments against them, then they should not have stipulated to entry of judgment for those taxes. Having said all of that, the statute of limitations did not run in this case because of the tolling that was brought about by the entrance of the installment agreement, as indicated in the certificate of assessments and payments. The Forms 4340, which were submitted in support of the government's motion for summary judgment, are entitled to a presumption of correctness in the trial court as to the matters stated therein. There was nothing presented to the trial court that would call into question the correctness of the matters stated therein. Even the statements made by counsel here today don't call into question those facts. Whether the taxpayer is able to recall entering into an installment agreement does not call into question the certified record that such an agreement had been entered into. Even the fact that an installment agreement was proposed would have extended the statute of limitations during the period that the installment agreement was pending before the IRS. And for 30 days after the installment agreement was either rejected by the service or was terminated. In this case, then, it's clear that the statute of limitations was extended by at least 30 days. And the complaint here was filed within 30 days after 10 years of the assessments of the taxes. So the statute of limitations argument simply is not germane. And it's certainly not a reason to remand for a trial on that matter when it was never presented to the district court in the first instance. With respect to the argument regarding the order of sale of parcels A and B, the real estate to which the federal tax liens have attached, counsel here asserted that Ms. Aiden is a non-liable spouse. That is not correct. Tax assessments were made for federal income taxes against both Mr. and Mrs. Aiden for 1998 and 2001. And again, both of the Aidens stipulated to entry of judgment for those income tax liabilities for both years. It is true that there were a number of employment tax liabilities also entered and assessed solely against Mr. Aiden. And those have also been reduced to judgment. But Mrs. Aiden is a liable party with respect to the federal income tax liabilities. And for that reason, resort to the Rogers case is unnecessary. The Supreme Court in Rogers specifically stated that it could conceive of no circumstances in which the factors therein should be applied to protect the interests of the liable taxpayer. So there's simply no reason to resort to that case. If the Court has any questions, I'd be happy to answer them now. Okay. Thank you, Mr. Lewis. So we'll take the case under advisement.